UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**FILED - MQ**
August 27, 2020 9:23 AM
Thomas L. Dorwin, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc / JW 8-27

DERICO THOMPSON,

    Plaintiff,

Case No:

-vs-

Honorable:

CORIZON, INC.,
MIKE BROWN, Warden,
Nurse Wendy Jamros,
Nurse Jessica Knack,
Nurse Wendy Ball,
Doe Physician,
jointly and severally,

**2:20-cv-158**
Robert J. Jonker - U.S. District Judge
Maarten Vermaat - Magistrate Judge

    Defendant's.

_____/

COMPLAINT FOR VIOLATION OF CIVIL
AND CONSTITUTIONAL RIGHTS AND
DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Derico Thomspon 1/ In Propria Persona and hereby complains of the Defendant's as follows:

JURISDICTION AND VENUE

1.) This is an action for damages to remedy violations of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and under the laws of the United States, Specifically the Civil Rights Act, 42 U.S.C. § 1983 and § 1985.

---

1/ Because defendant is a prisoner proceeding In Propria Persona, he has a constitutional right of access to the courts and a constitutional protected liberty interest that demands further scrutiny before sanctions may be imposed. Bounds v Smith, 430 US 817, 821-823; 47 S.Ct 149 [***6]; 52 L.Ed.2d 314 (1977).

1

2.) This court has jurisdiction under 28 U.S.C. § 1331 and § 1343.

3.) Venue is proper in the Western District of Michigan because all events surrounding this Complaint occurred in or around Kincheloe, Michigan, a city located in the Western District of Michigan. All allegations are made upon information and belief, except for those in which Plaintiff was personally involved.

### PARTIES

4.) Plaintiff is and was at all times relevant, a prisoner of the State of Michigan (prisoner #234651). At all times relevant to this Complaint, he was a resident at a facility in Kincheloe, Michigan.

5.) At all times relevant to this Complaint, Mike Brown was a Warden, employed by the State of Michigan Department of Corrections and assigned to Kinross Correctional Facility, where Plaintiff was housed. Plaintiff believes he lives within the Western District of Michigan and, at the time of the events alleged herein was acting under color of state law.

6.) At all times relevant to this complaint, all the NURSES was employee's of CORIZON, INC., under contract with the State of Michigan Department of Corrections and assigned to the Kinross Correctional Facility, where Plaintiff was housed. Plaintiff believes these Nurses lives within the Western District of Michigan and, at the times of the events alleged herein was acting under color of state law.

7.) At all times relevant to this Complaint, DOE MEDICAL PHYSICIAN was an employee of CORIZON, INC., under contract with the State of Michigan Department of Corrections and assigned to the Kinross Correctional Facility, where Plaintiff was housed. Plaintiff believes the Doe Medical Physician,

lives within the Western District of Michigan and, at the time of the events alleged herein was acting under color of state law.

8.) At all times relevant to this Complaint, CORIZON, Inc., was under contract with the State of Michigan Department of Corrections, and assigned to the Kinross Correctional Facility, where Plaintiff was housed. Plaintiff believes the Prison Medical Service Provider's operational offices is within the Western District of Michigan and, at the time of the events alleged herein was acting under color or state law.

### COMMON ALLEGATIONS OF FACTUAL BACKGROUND

9.) On or about September 17, 2019, Plaintiff was injured on a row machine while exercising.

10.) Plaintiff has developed burning pain in his lower back and partial loss of function in his lower extremities, bile and bladder.

11.) Plaintiff submitted a health care kite and was seen by Corizon, Inc., on September 25, 2019.

12.) On or about October 3, 2019, Plaintiff was seen again by Corizon, Inc., due to the pain in his back escalating to a point where he could not stand or walk. At this time he was prescribed medication that did nothing to stop his pain.

13.) Throughout 2019, and into 2020, Plaintiff complained to Corzion, Inc., of more severe pain ad numbness in his lower extremities and on several occasions in 2020 Plaintiff requested an MRI (See Exhibit #1, Plaintiff's medical history on back injury), Corzion, Inc., told Plaintiff, "Pt. informed that no response to the request has been received."

3

14.) Plaintiff was told by Nurse Jamros that "it is customary that Corzion, Inc., must be absolutely certain that an MRI is necessary before allocating funds for any type of treatment."

15.) Plaintiff avers that this policy or custom resulted in a denial and delay of medical treatment that was unnecessary and a wanton infliction of pain and suffering that has gotten worser.

16.) On or about March 11, 2020, Plaintiff was scheduled for an MRI.

17.) Once the MRI was completed, Plaintiff was told his L-4 and L-5 discs in his spine are crushed and pressing against the nerves around Plaintiff's spinal cord.

18.) Plaintiff was not provided adequate medical care, his area's of pain and his pain threshold, and other related symptoms stemming from his initial problem has increased, although Corizon, Inc., knew since 2019, exactly what Plaintiff's symtoms were and Corzion, Inc., knew medically what Plaintiff's symptoms meant was occurring in his back, his spine and his lower extremities, yet Corizon, Inc., unnecessarily allowed Plaintiff to suffer up to a point where he is urinating and defecating without having any feeling or sensation of knowing his bile and bladder was releasing.

19.) Plaintiff's Complaints' throughout this time were consistently disregarded and he was told by Nurse Jamros, "You can stop complaining and visiting health care, we have told you time and time again, Corizon, is not going to authorize surgery on your back, so either stop faking or deal with it!"

20.) Plaintiff's MRI revealed problems with the discs in his spine that medical professional with average skill would have obviously recognized as requiring immediate surgery and immediate professional treatment, or for which a physician would need to prescribe surgery and treatment.

21.) Plaintiff avers that he was diagnosed with 2 crushed discs in his back spinal area and that this was due to unreasonable delay in diagnosing Plaintiff.

22.) Plaintiff relies on independent proof from a host of administrative complaints and response's which identifies the unexplained delays and Plaintiff opins that a diagnosis should have occurred much sooner than 6 months later and that a surgery should have been done sooner than an entire year and counting.

23.) The delay in diagnosing Plaintiff cannot be explained and Plaintiff's paralysis could have been cause by the delay and the prior refusals by Corizon, Inc., to order an MRI for Plaintiff.

24.) Plaintiff has established that the above mentioned Defendant's were involved jointly and severally (Personally and/or Responsibly), in either his medical care or the decision making process concerning administering Plaintiff due process and health care and medical examinations to diagnose Plaintiff's ailment.

25.) Plaintiff has exhausted all his administrative remedies related to his back injury and the problems stemming from it.

### COUNT I - VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983) (EIGHTH AMENDMENT)

26.) Plaintiff hereby incorporates the allegations contained in paragraphs 1-25 of this Complaint with the same force and effect as if more fully set forth herein.

27.) The Eighth Amendment of the United States Constitution prohibits the cruel and unusual punishment of prisoners.

28.) The Defendant's violated Plaintiff's Eighth Amendment rights by initially denying and delaying medical examination, treatment and surgery.

Defendant's violated Plaintiff's Eighth Amendment rights by knowing but unnecessarily delaying health care deliberately and wantonly.

### COUNT II - VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983) (FOURTEENTH AMENDMENT)

29.) Plaintiff hereby incorporates the allegations contained in paragraph's 1-28 of this Complaint with the same force and effect as if more fully set forth herein.

30.) The Fourteenth Amendment to the United States Constitution prohibits Defendant from depriving Plaintiff of his liberty without due process of law.

31.) The Defendant Corizon. Inc., and Mike Brown, in a concerted effort deprived Plaintiff of his right to adequate health carte while in custody of the Michigan Department of Corrections, and after unnecessarily delaying a diagnosis of Plaintiff's crushed vertebrates in his spine and paralysis stemming from his broken back, the Defendant's continue to be deliberately indifferent by deliberately refusing to administering surgery to repair his back, while knowing in advance what his symptoms have meant, since September 17, 2019.

32.) Defendant nurse(s) deprived Plaintiff of his right to adequate health care by refusing Plaintiff health care consistent with his symptoms and conspiring with Corizon, Inc., and Mike Brown, to delay Plaintiff's diagnosis and refusing him corrective back surgery.

33.) The above mentioned Defendants acted maliciously and intentionally to deprive Plaintiff of his constitutionally guaranteed due process and to violate Plaintiff's civil rights and this are liable for compensatory and punitive damages.

WHEREFORE, Plaintiff prays for compensatory and punitive damages, attorney fees and the cost of this action.

Dated August 24, 2020

Respectfully submitted,

*/s/ Derico Thompson*

Derico Thompson #234651
In Propria Persona
Kinross Correctional Facility
4533 West Industrial Park Drive
Kincheloe, Michigan 49788-1638

### DEMAND FOR TRIAL BY JURY

NOW COMES, Plaintiff and hereby demands trial by jury in this case.

Dated: August 24 2020

Respectfully submitted,

*/s/ Derico Thompson*

Derico Thompson #234651
In Propria Persona
Kinross Correctional Facility
4533 West Industrial Park Drive
Kincheloe, Michigan 49788-1638

7



E of the Clerk
States District Court
Federal. BLDG
Washington St.
P.O. Box 698
ETTE, Michigan, 49855

DeRico Thompson #234651
Kinross Corr. Fac.
4533 W. Industral Park Dr.
Kincheloe, Michigan, 49788

OFFi
United
33
202

MARQ