IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

**RECEIVED- MQ**

June 28, 2022 2:25 PM
Clerk of Court
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ____ slk _____ / _Jk 628 - 22_

DERICO THOMPSON,
　　　　　Plaintiff,

.v.

CORIZON, INC, et al.,
　　　　　Defendants.
　　　　　　　　　　/

CASE NO. 2:20-cv-158
HON: ROBERT J. JONKER

<u>PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S R&R</u>

　　　NOW COMES, Derico Thompson, by and through counsel, pursuant to Fed.R.Civ.Proc. 46, Plaintiff objects to the Magistrate's report and recommendation. In support of this claim, Plaintiff states the following facts:

　　　1) Plaintiff, first made objective complaint of continuous pain and suffering after being warned by professionals that a denial or delay by the Defendants, "could cause significant problems for him" (See Exhibit #1), thereby Plaintiff made allegations of fact that the Defendants responded to with a genuine dispute for the jury.

　　　2) Second, Plaintiff obviously has evidence of an unconstitutional policy by the Defendants making the choice, not to provide adequate care to the Plaintiff that has resulted in an irreparable injury...just as well, Plaintiff can establish a casual connection to Corizon, Inc.'s policy denying him treatment and/or surgery that has resulted in additional pain and suffering. Furthermore, there is evidence that the Defendant's were deliberately indifferent to his need for immediate surgery without unnecessary delay.

<u>HERE'S HOW</u>

　　　3) True indeed, an inmate "sufficiently serious" medical need must be a condition "diagnosed by a physician as mandating treatment," Blackmore v.

Kalamazoo Cty, 390 F.3d 890, 897 (6th Cir. 2004). But to clarity more specific, See also Taylor v Franklin County, 104 Fed Appx 531, 2004 WL 1595203, at *6 (6th Cir.2004) ("Such obvious signs of recurring incontinence and debilitating immobility were clear symptoms of a serious problem, even if Defendants did not choose to believe Plaintiff.") Alexander v. Jones, 234 F.3d 1267, 2000 WL 1562841, at *1 (6th Cir. 2000) (holding that Plaintiff's glaucoma "was not so obvious that a lay person would recognize it,") Friend v Rees, 779 F.2d 50, 1985 WL 13825, at *3 (6th Cir. 1985) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.")

4) This "obviousness" standard for determining a serious medical need is distinct from a separate branch of Eighth Amendment decisions where the seriousness of a prisoner's medical needs "may also be decided by the effect of delay in treatment." Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994); Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990); (citing Monmouth County Corr. Inst'/Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987). these decisions involve prisoner claims of <u>delay in treatment that caused injury, loss, or handicap,</u> Hill, 40 F.3d at 1188; Monmouth County, 834 F.2d at 347.

5) In terms of the Constitutional violation, Corizon, Inc., can be held liable under §1983...Plaintiff turns to examine the basis upon which he seeks to have liability imposed upon Corizon, Inc., Plaintiff did not claim in his complaint that Corizon, Inc., had a "custom or policy" of authorizing its subordinate's to deny or delay treatment, rather Plaintiff's theory of liability, as to Corizon, Inc, was that the in question was Corizon, Inc's policy of training and supervising it's subordinates, and that this "policy"

2

resulted in inadequate training, in terms of how the subordinates deals with patients like Plaintiff who had prior to this complaint, had been diagnosed as needing, "definitive surgery to begin with." (See Exhibit #1) This diagnosis was done on 9/22/20.

6) Plaintiff's earliest detection to the Defendant's that he needed surgery/Lumbardecompressive laminectomy with an instrumented fusion, was an MRI report from UP Health System Marquette (See Exhibit *1), prior to that Plaintiff underwent an EMG on 8/3/20 which indicated problems with his spine at Left L5 (See Exhibit #2).

7|| Contrary to the above mentioned genuine issues of material fact, the Defendant's submitted with their summary judgment motion, an Affidavit from Peter G. Grain, M.D. who seems to be a go to neurosurgeon for the Chapman Law Group who ironically would like the court to believe that, not one (1), but two (2), also well trained professional in the field of neurosurgery (Paul A. Layhaye, M.D. and Richard Vermeulen, M.D.||, diagnosis should somehow be overlooked or not taken for face valve. This declaration by Peter G. Grain has a causal connection to Corizon, Inc., being deliberately indifferent to Plaintiff's definitive need to have surgery on his broke back, where that declaration would have the court discount:

> "I would be reluctant to consider simple depression alone. His back has only relatively mild lordosis and would be concerned that subsequent disc herniations at L4-5 and L5-S1 could cause significant problems for him. Therefore, it makes more sense to do definitive surgery to begin with."

||See Exhibit #1, UP Health System Marquette).

8|| Plaintiff would aver that the subjective prong in a deliberate indifference claim generally requires a plausible allegation that the Defendant "acted or failed to act despite their knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 US at 842 (1994).

3

9|| Paul A. LaHaye, M.D.'S report clearly stated, "His back has only relatively mild lordosis and would be <u>concerned that subsequently disc herniations at L4-5 and L5-S1 could cause significant problems for him</u>."

10) Any lay person could have understood that Paul A. LaHaye, M.D. foresaw the need for the Plaintiff to have surgery.

11) As Farmer v. Brennan, 511 US 825 (1994), plainly reflects, the actual existence of "serious harm" is not the sine qua non of recovery. Rather, it is "substantial risk" that is the true standard. Here, even if, by good fortune, actual "serious harm" had not already occurred in Plaintiff's back disabling him with an irreparable injury to his back, the Defendant's would still be liable for the "substantial risk", alone...After all, they were warned by Paul A. LaHaye, MD., with enough time to reflect, yet they elected to decline treating Plaintiff in accordance with the diagnosis, this was cruel or unuaual.

12) Under the above mentioned standard, the Plaintiffs' verison of any disputed issue of fact is presumed correct. Eastman Kodak v. Image Technical Services, 405 US 451, 456 (1992). To that end the question is, "whether Plaintiff's evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Lucas v. Monroe County, 203 F.2d 964 (6th Cir. 2000).

CONCLUSION

Based on the above, Plaintiff asks the court to overrule the Magistrate Report and Recommendation, as the allegations the Magistrate relies on, submitted by the Defendant's are not consistent with the facts from all the evidence in this case.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court to overrule the Magistrates report and recommendation and deny the Defendant's

4

motion for summary judgment, and set a date for jury trial in this case.

RESPECTFULLY SUBMITTED,

EXECUTED: 6 1/22 1/22.



**UP Health System - Marquette**

**Progress Notes**
THOMPSON, DERICO
Patient ID: 2230042
DOB: 09/03/1974
Age: 46 years  Gender: M

09/22/2020

*0234651*

The patient also underwent MRI scanning last March. It demonstrates both congenital and acquired stenosis at L4-5 and L5-S1 with associated central disc protrusions.

He presents for neurosurgical consultation describing sharp, shooting, burning and aching discomfort in the low back and bilateral lower extremities, left greater than right, rating it as a 7 to a 9.

PAST MEDICAL HISTORY: The patient has no allergies. He is presently taking a nonsteroidal antiinflammatory agent. His medical history is unremarkable as is his surgical history.

FAMILY AND SOCIAL HISTORY: The patient is single with 5 children, incarcerated. Tobacco use is denied.

There is a positive family history of diabetes.

REVIEW OF SYSTEMS: Review of systems can be accessed via the scanned documents.

PHYSICAL EXAMINATION: Reveals a well-developed, tall, thin black male appearing his stated age. Head and neck examination are unremarkable. Range of motion of the cervical spine is full, without provocation of upper or lower extremity complaints. Examination of the extremities reveals symmetrical bulk, without visible atrophy or fasciculations. Straight leg raising maneuvers are negative on the right and positive on the left at about 60 degrees.

Neurologic examination demonstrates a clear sensorium and unremarkable cranial nerve survey. I do not detect any discrete focal motor weakness to resistive testing. Gait is cautious, but not particularly antalgic. Reflexes are 1/4 at the biceps, trace elsewhere in the upper and lower extremities, with a flexor plantar response. There is no clonus at the ankles. Sensory examination demonstrates no dermatomal pattern of sensory loss.

OBJECTIVE DATA AVAILABLE: Includes lumbar MRI scan done 03/11/2020. It demonstrates lower lumbar stenosis at L4-5 and L5-S1 with central disc protrusions and significant segmental stenosis consequent to congenitally short pedicles.



UP Health System - Marquette

**Progress Notes**
THOMPSON, DERICO
Patient ID: 2230042
DOB: 09/03/1974
Age: 46 years  Gender: M

0234651

09/22/2020

IMPRESSION: Lumbar spinal stenosis L4-5, L5-S1 - congenital and acquired with neurogenic claudication effecting the left lower extremity more so than the right with positive EMG for L5 radiculopathy corresponding to imaging findings.

SUMMARY AND RECOMMENDATIONS: I reviewed the available objective data in detail with the patient, used a model of the lumbosacral spine to demonstrate the anatomic principles involved with his condition, explaining to him that I felt he was a candidate for surgical intervention respecting the chronicity of his pain and imaging findings as well as positive EMG. I feel that he needs to have lumbar decompressive laminectomy L4, L5, S1 with an instrumented fusion L4-S1, possible discectomy and interbody fusion, although I suspect that the relief of his spinal stenosis via laminectomy will likely resolve the issues.

I would be reluctant to consider simple decompression alone. His back has only relatively mild lordosis and I would be concerned that subsequent disc herniations at L4-5 and L5-S1 could cause significant problems for him. Therefore, it makes more sense to do definitive surgery to begin with.

I discussed surgery with him in both general and specific terms as well as the expected outcome and the convalescence attendant to same, along with the need for postoperative bracing. I explained to him that the risks of surgery would include ? but may not be limited to ? infection, hemorrhage, CSF leak with pseudomeningocele formation, remote possibility of neurologic compromise, up to and including paraplegia with loss of bladder and bowel function, pseudoarthrosis ? a risk enhanced by postoperative tobacco use ? and the risk of adjacent level disease and medical or anesthetic complications, up to and including coma or death.

The patient understands the nature of the proposed procedure, the rationale for surgery as outlined above and the risks attendant to operation.

We will seek approval for surgical intervention and he will need plain films of the lumbar spine prior to operative treatment.

Sincerely,



UP Health System – Marquette

**Progress Notes**
THOMPSON, DERICO
Patient ID: 2230042
DOB: 09/03/1974
Age: 46 years  Gender: M

09/22/2020

0234651

Paul A. LaHaye, M.D.

PL/NM/km

## MICHIGAN DOC AUTHORIZATION LETTER

| Service Authorized: | Office Visit - Neurosurgery | | |
|---|---|---|---|
| Effective Date: | 9/3/2020 | Visits Authorized: | 1 |
| Responsible Facility: | KINROSS CORRECTIONAL FACILITY | | |
| Tracking Number: | 00897983 | | |
| Provider: | MARQUETTE GENERAL HOSPITAL | | |

**Note to Provider of Services:**

- This health plan is administered by Blue Cross Blue Shield of Michigan. While coverage remains in force, members are entitled to benefits under the applicable plan, subject to exclusions and limitations.
- Participating doctors and hospitals are independent providers and are neither agents nor employees.
- Please see the patient identification information at the bottom right of this form for claim information.



**Blue Cross Blue Shield** of Michigan

A nonprofit corporation and independent licensee of Blue Cross and Blue Shield Association.

Provider Services: 1-800-676-2583

**Company Name:**

Corizon
Michigan Department of Corrections

**Group Number:**

71499

U2W994 234651

---

The consulting physician should complete this section. The completed form will be sealed in the attached envelope and returned with an officer to the correction facility.

### Clinical Summary or Attached Report

*Lumbar stenosis (congenital and acquired) at L4-5, L5-S1 with neurogenic claudication and positive EMG.*
*Rec: L4-5, L5-S1 laminectomy and fusion (+ disc excision)*

☐ Follow-up visit needed (including time frame)

**\*\*\* For security and safety, please do not inform patient of possible follow-up appointments. \*\*\***

| Signature of Consulting Physician    Paul LaHaye, MD | 9/22/20 | 1400 |
|---|---|---|
| | Date | Time |

Reviewed By:

| Site Medical Provider | Date | Time |
|---|---|---|

| | Patient Identification | |
|---|---|---|
| **Corizon:** **REFERRAL LETTER** | Name: | THOMPSON, DERICO |
| | Inmate Number: | 234651 |
| | Insurance Number: | 994234651 |
| | D.O.B. | 09/03/1974 |

0234651

**Schoolcraft Memorial Hospital**
7870W US Hwy 2
Manistique, MI 49854-
(906) 341-3200

| | | | |
|---|---|---|---|
| Patient: | **THOMPSON, DERICO** | Admit Date: | 8/3/2020 |
| MRN: | 60866 | Discharge Date: | 8/3/2020 |
| Encounter: | 723046 | Attending: | VERMEULEN,RICHARD MD |
| DOB: | 9/3/1974 | Age: 45 years | Receiving: | DEMERS,LISA |
| Birth Sex: | | Current Sex: Male | |
| Location: | SCHL Specialty Clinic; Room 28 | | |

---

## Office Clinic Notes

Document Type:
Service Date/Time:
Result Status:
Document Subject:
Sign Information:

Office Clinic Note Physician
8/3/2020 10:46 EDT
Auth (Verified)
Office Visit Note
VERMEULEN,RICHARD MD (8/3/2020 10:46 EDT)

# THOMPSON, DERICO

**DOB:** 09/03/1974
**Age:** 45 years
**Sex:** Male
**MRN:** 60866
**Registration Date:** 08/03/2020

**Chief Complaint**
bil lower leg pain

**History of Present Illness**
I had the pleasure of evaluating Derrico Thompson date of birth September 3, 1974 today subsequent to Practitioner Wendy Jamros lower limb electrodiagnostic referral

Patient history. Mr. Thompson was row lifting this past September 2019 when he developed low back pain that is gradually he indicated a worse. He has bilateral lower lumbar pain that is accompanied temporally with painful numbness in the lateral thighs into the posterior and lateral bilateral legs and into the feet. Hard to define where in the feet and which toes have numbness but they intermittently have numbness when this problem is most painful in the low back and left lateral thigh. More pain and numbness on the left side than the right.

**Review of Systems**
Denies fever denies chills. Mr. Thompson indicated when he has a lot of his described pain is harder to manage his bowels and bladder though is not describing any consistent incontinence.

I reviewed the forwarded to records documented by Practitioner Jamros.

**Physical Exam**

Vitals & Measurements
HR: 58(Apical) RR: 18 BP: 122/68 SpO2: 99%
HT: 185 cm WT: 74.84 kg BMI: 21.87
Physical exam. Lumbar extension can increase low back pain at active endrange. Manual muscle testing revealed bilateral isometric left > right 4/5 great toe extension weakness and unilateral left 4/5 hip abduction isometric weakness with normal isometric medical research Council graded 5/5 right hip abduction and bilateral 5/5 hip

**Problem List/Past Medical History**
Ongoing
  Lumbosacral radiculopathy at L5
Historical
  No qualifying data

**Medications**
naproxen 500 mg oral delayed release tablet, 500 mg= 1 tab, Oral, BID

**Allergies**
No Known Allergies

**Social History**
Alcohol
Past
Electronic Cigarette/Vaping
Electronic Cigarette Use: Never.
Substance Use
Past, Marijuana
Tobacco
Former smoker, quit more than 30 days ago
Tobacco Use:. quit 10 years ago per day.

**Family History**
Family history is unknown

---

## Schoolcraft Memorial Hospital

| | | | | |
|---|---|---|---|---|
| **Name:** | THOMPSON, DERICO | | **Admit Date:** | 8/3/2020 |
| **MRN:** | 60866 | | **Discharge Date:** | 8/3/2020 |
| **Encounter:** | 723046 | 023465 | **Attending:** | VERMEULEN, RICHARD MD |

### Office Clinic Notes

extension, hip flexion, hip adduction, knee extension, ankle dorsiflexion, ankle
plantarflexion and great toe flexion. Preserved knee and ankle lower limbs symmetrical
muscle stretch responses. Plantar responses downgoing.

Electrodiagnostic discussion and informed consent. Subsequent to
discussing electromyographic monopolar needle recorded infection and muscle bleeding
other EMG risks I obtained informed consent including the Schoolcraft Memorial Hospital
routine informed consent form that both I and Mr. Thompson and today signed prior to
my bilateral lumbosacral paraspinal and bilateral lower limb electromyographic testing.
The findings are noted in the electrodiagnostic data sheet that accompanies today's
documentation.

Electrodiagnostic summary.

1.) Today's left lumbar paraspinal, gluteus medius, anterior tibialis and extensor
hallucis longus electromyographic active denervation in more chronic reinnervation signs
in the absence of any high-grade axonal loss findings are collectively consistent with a
left L5 lumbar radiculopathy.

2.) Today's right lumbar paraspinal and right lower limb electromyographic findings are
within normal limits.

### Assessment/Plan

1. Lumbosacral radiculopathy at L5 M54.17
    1.. Today's low back pain with left hip abduction/great toe extension L5
myotomal weakness, lower limb to the leg lumbar referred numbness and pain in
today's reference electrodiagnostic abnormalities are consistent with and believe
document presence of left L5 lumbar radiculopathy.

2. The lesser right low back pain with temporally associated right thigh and leg referred
painful numbness in right great toe extension weakness is consistent with a lesser
degree of right L5 lumbar radiculopathy which would account for the normality of
today's right lower limb electromyographic findings.

Having reviewed the forwarded records this would be consistent with the L4-L5
described disc bulge mediated bilateral L5 lumbar radiculopathy based on the records
forwarded and reviewed.

### Follow Up Instructions
No qualifying data available

*Electronically Signed on 08/03/20 10:46 AM*

*VERMEULEN, RICHARD MD*



**SCHOOLCRAFT SPECIALTY CLINIC**
**7870W US HWY2**
**Manistique, MI 49854**
**Phone: 906-341-3286**

0234651

Full Name: Derico Thompson          Patient ID: 60666

Visit Date:          8/3/2020 09:26
Examining Physician:   Richard Vermeulen, MD

| EMG Summary Table | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **Spontaneous** | | | | | **MUAP** | | | **Recruitment** |
| **Muscle** | IA | Fib | PSW | Fasc | H.F. | Amp | Dur. | PPP | Pattern |
| L. Lumbar paraspinals (low) | 2+ | 1+ | 2+ | None | None | N | N | N | N |
| L. Lumbar paraspinals (mid) | N | None | None | None | None | N | N | N | N |
| L. Lumbar paraspinals (up) | N | None | None | None | None | N | N | N | N |
| L. Vastus lateralis | N | None | None | None | None | N | N | N | N |
| L. Gluteus maximus | N | None | None | None | None | N | N | N | N |
| L. Gluteus medius | 1+ | 1+ | 1+ | None | None | N | 1+ | N | N |
| L. Biceps femoris (long head) | N | None | None | None | None | N | N | N | N |
| L. Adductor longus | N | None | None | None | None | N | N | N | N |
| L. Tibialis anterior | 1+ | None | 1+ | None | None | N | 1+ | 1+ | Reduced Mild 3/4 |
| L. Extensor hallucis longus | 1+ | 1+ | 2+ | None | None | N | 1+ | 1+ | Reduced Mild 3/4 |
| L. Gastrocnemius (Lateral head) | N | None | None | None | None | N | N | N | N |
| L. Soleus | N | None | None | None | None | N | N | N | N |
| R. Gluteus maximus | N | None | None | None | None | N | N | N | N |
| R. Gluteus medius | N | None | None | None | None | N | N | N | N |
| R. Lumbar paraspinals (low) | N | None | None | None | None | N | N | N | N |
| R. Lumbar paraspinals (mid) | N | None | None | None | None | N | N | N | N |
| R. Lumbar paraspinals (up) | N | None | None | None | None | N | N | N | N |
| R. Biceps femoris (long head) | N | None | None | None | None | N | N | N | N |
| R. Vastus lateralis | N | None | None | None | None | N | N | N | N |
| R. Adductor longus | N | None | None | None | None | N | N | N | N |
| R. Gastrocnemius (Medial head) | N | None | None | None | None | N | N | N | N |
| R. Soleus | N | None | None | None | None | N | N | N | N |
| R. Tibialis anterior | N | None | None | None | None | N | N | N | N |
| R. Extensor hallucis longus | N | None | None | None | None | N | N | N | N |
| R. Extensor digitorum longus | N | None | None | None | None | N | N | N | N |

**Conclusion:**

1) Today's findings are consistent with active left L-5 lumbar radiculopathy
2) Today's Right lower limb EMG findings are Normal, please see accompanying note
R. Vermeulen, MD

Case 2:20-cv-00158-RJJ-MV    ECF No. 65-1    PageID.800    Filed 06/30/22    Page 13 of 15

Derico  Thompson    0234165    80866                          8/3/2020 09:26

**Richard Vermeulen, MD**

De Kico Thompson

Kinross Corr. Fac
4533 w. Industrial Park Dr.
Kincheloe, MI 49786

OFFICE
United Stat
33

202 w.

P.O

Marquet



US POSTAGE ℠ PITNEY BOWES

ZIP 49788
02 4W
0000361578 JUN 23 2022

$ 001.76⁰

of The Clerk
es Districk Court
) Federal BLDG

WASHington St.

ox 698
e, mI, 49855