UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERICO THOMPSON #234651
        Plaintiff,

        CASE NO. 2:20-cv-158

v.

        HON. ROBERT J. JONKER

CORIZON, INC., et al.,

        Defendants.
_____/

## ORDER APPROVING AND ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed under 42 U.S.C. § 1983. Plaintiff Derico Thompson alleges that he injured his back while incarcerated, and that Defendants violated his Eighth and Fourteenth Amendment rights by providing inadequate medical care. The Court issued an Opinion (ECF No. 4) and Order (ECF No. 5) dismissing all but Plaintiff's Eighth Amendment claim against Defendant Nurse Practitioner ("NP") Wendy Jamros and a related *Monell* claim against Defendant Corizon, Inc. Defendants move for summary judgment on those remaining claims. (ECF No. 56). On May 25, 2022, the Magistrate Judge issued a Report and Recommendation that the Court grant the motion in full. (ECF No. 62).

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 62), Plaintiff's Objections (ECF No. 63), and Defendants' Response (ECF No. 64).[1] Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report

---

[1] On June 30, 2022, the Court received a *pro se* submission by Plaintiff objecting to the Report and Recommendation. The Magistrate Judge properly rejected the submission because Plaintiff is represented by counsel. (ECF No. 65). The submission does not meaningfully affect the analysis in any event.

and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's objection. The Magistrate Judge recommends that Defendants' motion for summary judgment be granted both as to the deliberate indifference claim against Defendant Jamros and as to the *Monell* claim against Defendant Corizon. For the reasons explained below, the Court agrees with the Magistrate Judge's recommendation as to Defendant Jamros. However as to the claim against Defendant Corizon, the Court discerns a fact issue that precludes summary judgment. Accordingly, the Court respectfully disagrees with the Magistrate Judge on this portion of the defense motion.

   1. *Defendant Jamros*

Plaintiff offers four objections to the Magistrate Judge's Report and Recommendation. The first, second, and fourth all relate to Plaintiff's claims against Defendant Jamros. In the main, Plaintiff argues that the Magistrate Judge was too stringent in reviewing his deliberate indifference claim and that summary judgment should be denied under a proper application of the rule. The Court disagrees. This case involves is a back injury plaintiff suffered while exercising.

Conservative treatment was initially prescribed, including medications, exercises, and other accommodations. (ECF No. 62, Page.721). Plaintiff does not generally quibble with this as an initial approach. But he says that when he didn't get better, and developed incontinence, Defendant Jamros should have done more. The record demonstrates that Defendant Jamros ordered additional tests, medications, and consults throughout Plaintiff's care. *See, e.g.,* ECF No. 56-4, PageID.298-99, PageID.310, PageID.313-14, and PageID.318 (Plaintiff's Medical records, documenting requests for medications, bunk accommodations, physical therapy, imaging tests and a neurosurgical consult). Several of her requests were initially denied by Corizon Utilization Review. (ECF No. 56-4, PageID.311, PageID.314). After the initial denial was reversed, the EMG which Corizon Utilization Review indicated had to occur prior to the neurosurgical consult did not occur until August 3, 2020, due at least in significant part to the COVID-19 pandemic. (ECF No. 56-4, PageID.318). Defendant Jamros ceased treating Plaintiff Thompson's back condition on August 6, 20210. (ECF No. 56-3, PageID.281). The record does not demonstrate that Defendant Jamros had anything to do with the eventual decision on whether to provide surgery. This does not amount to deliberate indifference, as the Magistrate Judge properly found. The particular objections raised by Plaintiff fail to convince the Court otherwise.

For example, Plaintiff asserts that the Magistrate Judge erred in concluding that "the receipt of more than *de minimis* medical treatment" precluded a Plaintiff from establishing a deliberate indifference claim. (ECF No. 63, PageID.745). Plaintiff's characterization of "*de minimis*" is an inaccurate characterization of the Magistrate Judge properly laying out the legal standard. In a case, as here, where Plaintiff alleges that he received some treatment, Magistrate Judge Vermaat explains the standard requires Plaintiff to show "his treatment was 'so woefully inadequate as to amount to no treatment at all." (ECF No. 62, Page ID.728) (*citing Mitchell v. Hininger*, 553 Fed.

Appx. 602, 604-05 (6th Cir. 2014)) (*quoting Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). Contrary to Plaintiff's objections, the Report and Recommendation's analysis does not reflect a literal application that any treatment at all prevents a claim, but rather actually reflects that "[o]nly grossly or woefully inadequate care – not just care that falls below a professional standard" can establish an Eighth Amendment Violation. *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021). The record shows that NP Jamros' conduct, even if not ideal, is not so "woefully inadequate" as to constitute a Constitutional violation. The Court is similarly unpersuaded by Plaintiff's second and fourth objections, both of which rely on misinterpreting the Magistrate Judge's articulation of the standard. Magistrate Judge Vermaat accurately set out the governing standard and correctly applied it. These objections are overruled.

### 2. *Corizon Defendant*

Plaintiff's remaining objection relates to his *Monell* claim against Corizon. The Magistrate Judge articulates a two-part rationale for recommend that Defendant Corizon's motion be granted. First, he questioned whether a *Monell* claim can proceed where, as here, there is no claim for individual liability. Ultimately, Magistrate Judge Vermaat did not need to answer this question, as he concluded that there was no issue of material fact as to whether Defendant Corizon had a policy or practice.

While the Court agrees that there is some tension in having a *Monell* claim proceed against Corizon without an individual defendant, it is not automatically disqualifying. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 900 (6th Cir. 2018) (quoting *Epps v. Lauderdale Cnty.*, 45 F. App'x (6th Cir. 2002)). Corizon is not vicariously liable for the constitutional torts of its employees under *respondeat superior*, but there are some circumstances where municipal liability can be based on either constitutional violations that are "attributable to a municipality's acts alone…as when a

government actor in good faith follows a faulty municipal policy" or "actions of individual government actors other than those who are named as parties." *Id.* While there are cases that loosely say otherwise, concluding that the lack of a named individual defendant is an unqualified bar to *Monell* liability is inaccurate.

Second, the Magistrate Judge ultimately concluded that Plaintiff failed to demonstrate a genuine issue of material fact existed about whether Defendant had a policy or practice which resulted in the harm. As the Magistrate Judge notes, the Plaintiff dedicates very little of his briefing to this issue. *See* ECF No. 57, PageID.386-89. It is true that Plaintiff could have more thoroughly discussed the matter, but the Court is satisfied Plaintiff's briefing and the objection here adequately preserved the issue for purpose of de novo review." *See id.*; *see also* ECF No. 63, PageID.763-69. The Court disagrees with the Magistrate Judge's conclusion that there is no issue of material fact as to whether Corizon had a policy or practice that caused the constitutional violation alleged by Plaintiff.

Plaintiff alleges that NP Jamros made two statements regarding Corizon's practice of not approving costly procedures. First, he alleges that in October 2019, NP Jamros told him that he might need an MRI if he did not improve but that Corizon would not pay of any treatment that was not absolutely necessary. (ECF No. 62, PageID.722). Second, Plaintiff alleges that in July 2020, NP Jamros told that Corizon would not authorize surgery for him. (ECF No. 57-3, PageID.413). NP Jamros was employed by Defendant Corizon at the time, making such a statement a party admission under the Rules of Evidence. Fed. R. Evid. 801. NP Jamros denies making either statement. (ECF No. 56-3, PageID.288). However, determining which party to believe is reserved to a jury. *See Zettle v. Handy Mfg. Co.*, 998 F.2d 358, 360 (6th Cir. 1993) ("Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the

facts are jury functions and trial courts should, therefore, act with caution in granting summary judgment."). At this stage, the Court must view the evidence in the light most favorable to the non-moving party. For the purposes of deciding this motion, the Court must assume that NP Jamros said both statements.

In light of that, the Plaintiff has alleged pattern of denials and delays at each escalation of treatment, which when viewed in combination with the above statements that preclude summary judgment. (ECF No. 57, PageID.369-71, 378-82). For example, the record shows that in November 2019, in Plaintiff's chart that "[i]f no improvement in 6-8 weeks consider MRI (EMG?)" (ECF No. 56-4, PageID.308). But it was not until twelve weeks later that she requested an EMG for the first time, which was still denied by Corizon's Utilization review. (ECF No. 56-4, PageID.310-11). After multiple delays, Plaintiff ultimately received a neurosurgical consult, approved after this lawsuit was filed, which recommend surgery. (ECF No. 56-4, PageID.330). He was then scheduled for a second opinion, which eight months later recommended against surgery. (ECF No. 62, PageID.724-25). Plaintiff alleges that determination was made without a physical exam or a thorough review of his records. (ECF No. 57-3, PageID.413). Where there is an alleged party admission about the existence of a cost-saving policy and a pattern that could at least arguably be attributed to that policy, the Court sees a fact issue on policy and practice that cannot be resolved on summary judgment.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 62) is approved and adopted in part, and rejected in part as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** as to Defendant Jamros and **DENIED** as to Defendant Corizon. Defendant Jamros is **DISMISSED** as a defendant in this case.

DATED: October 31, 2022

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE