UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERICO THOMPSON #234651,

        Plaintiff,

v.

CORIZON, INC.,

        Defendant.

                                      /

Case No. 2:20-cv-158

Hon. Robert J. Jonker
U.S. District Judge

## AMENDED CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED** that unless otherwise directed by the Court, the following shall govern in this case:

1. **TRIAL DATE:** This case is set for a **JURY TRIAL** on **March 27, 2023, at 9:00 a.m., before Hon. Jane M. Beckering,** at the Federal Building and U.S. Courthouse, Second Floor Courtroom, 202 W. Washington Street, Marquette, Michigan.

2. **PRETRIAL NARRATIVE STATEMENT:** On or before **January 27, 2023,** plaintiff shall file with the Clerk of Court a statement entitled "Pretrial Narrative Statement." The Pretrial Narrative Statement shall contain:

    (a)    A brief general statement summarizing the claims of the case, including the manner by which each defendant allegedly violated your constitutional rights. The statement shall be limited to the specific claims of this case;

    (b)    A brief narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

 (c) A list of all exhibits to be offered into evidence at the trial of the case (each party will be limited to 25 exhibits, absent leave of court);

 (d) A brief narrative written statement of the purpose for which each exhibit is being offered;

 (e) A list of the names and business addresses of all witnesses that plaintiff intends to call.[1] Where no business address is available, a personal address shall be provided.

 (f) A brief summary of the anticipated testimony of each witness named in (e); and

 (g) Whether there was a conviction in connection with this case.

Plaintiff shall serve a copy of the Pretrial Narrative Statement in accordance with paragraph 9 below.

On or before **February 27, 2023** defendant shall file with the Clerk of Court and serve a copy upon plaintiff, a statement entitled "Pretrial Narrative Statement," which shall contain the information set out in paragraph 2(a) through (g) above.

Failure of the parties to disclose fully in the Pretrial Narrative Statement the substance of the evidence to be offered at trial will result in the exclusion of that evidence at trial. The only exception will be (1) matters which the Court determines were not discoverable prior to the discovery completion date hereinbefore set out, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

---

[1] See attached Notice Regarding Issuance of Subpoenas/Writs of Habeas Corpus Ad Testificandum.

If plaintiff fails to file a Pretrial Narrative Statement, defendant will not be required to file a Pretrial Narrative Statement and shall notify the Court in writing of plaintiff's failure to comply. Plaintiff's failure to file a Pretrial Narrative Statement may result in dismissal of plaintiff's complaint for failure to prosecute and to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b).

3. **SUBPOENAS/MOTIONS FOR WRITS**: On or before **February 27, 2023,** each party shall file a proof of service of subpoenas for all non-incarcerated, non-party witnesses, or a motion for a writ of habeas corpus ad testificandum for prisoner witnesses, as required by the notice attached to this order. Failure to file a proof of service or timely motion for a writ of habeas corpus ad testificandum will result in the exclusion of the witnesses from trial.[2]  Either party wishing to call a witness to testify by video conference must file a motion with the Court.

4. **SETTLEMENT CONFERENCE:** The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled before the Honorable Maarten Vermaat on **February 27, 2023 at 9:30 a.m..**  This conference will be done by video.  The Counsel and the MDOC will receive the Zoom link information at a later date.

Three business days before the conference, the parties shall submit to the Hon. Maarten Vermaat a confidential letter concerning settlement. A copy need not

---

[2]See attached Notice Regarding Issuance of Subpoenas/Writs of Habeas Corpus Ad Testificandum.

be provided to the other party. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer. The confidential settlement letter shall set forth: (a) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (b) a history of settlement negotiations to date, including all offers, demands and responses; (c) the limits on settlement authority given to counsel by the client; (d) that party's suggestions concerning the most productive approach to settlement; (e) any other matter that the parties believe will improve the chances for settlement.

All settlement letters shall be mailed directly to the Hon. Maarten Vermaat at P.O. Box 698, Marquette, Michigan 49855, or emailed to vermaatmediation@miwd.uscourts.gov and should not be directed to the Clerk's Office.

5. **FINAL PRETRIAL CONFERENCE:** A final pretrial conference is hereby scheduled for **March 13, 2023 at 9:30 a.m.**. This conference will be done by video. Counsel and the MDOC will receive the Zoom link information at a later date.

A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by the parties. Counsel for defendant shall file the Final Pretrial Order with the Court and email a copy in Word format to vermaatmediation@miwd.uscourts.gov at least three (3) business days prior to the final pretrial conference in the following form:

4

A final pretrial conference was held on the ____ day of _____. Appearing for the parties as counsel were: (list counsel/parties who will attend the pretrial conference.)

1) <u>Exhibits</u>: The following exhibits will be offered by plaintiff and defendant:

(List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number. Plaintiff shall use numbers; defendant shall use letters. Indicate with respect to each exhibit whether and for what reason its admissibility is objected to. Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. See Fed. R. Civ. P. 26(a)(3).)

2) <u>Uncontroverted Facts</u>: The parties have agreed that the following may be accepted as established facts:

(State in detail all uncontroverted facts.)

3) <u>Controverted Facts and Unresolved Issues</u>: The factual issues remaining to be determined and issues of law for the Court's determination are:

(Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4) <u>Witnesses</u>:

    a. Non-expert witnesses to be called by plaintiff and by defendant, except those who may be called for impeachment purposes only, are:

    (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated

5

          testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

    b.    Expert witnesses to be called by plaintiff and by defendant, except those who may be called for impeachment purposes only, are:

          (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

          It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5)    <u>Depositions and Other Discovery Documents</u>: All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by plaintiff and by defendant are:

        (Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6)    <u>Length of Trial</u>: Counsel estimate the trial will last approximately ___ days, total, allocated as follows: ___ days for plaintiff's case; ___ days for defendant's case.

7)    <u>Prospects of Settlement</u>: The status of settlement negotiations is:

> (Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by counsel for plaintiff and counsel for defendant, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

6. **MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE:** At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects or shall be accompanied by a representative of the party with such authority.

7. **TRIAL EXHIBITS:** Each party will be limited to 25 exhibits, absent leave of court. On or before **February 27, 2023,** plaintiff shall file a copy of all plaintiff's exhibit(s) with the Court. Plaintiff shall use numbers to identify exhibits and defendant shall use letters. Counsel for defendant will be responsible for filing with the Judge presiding over the final pretrial conference, three exhibit books, containing both plaintiff's and defendant's exhibits, **three (3) business days prior to the final pretrial conference.**

8. **MOTIONS IN LIMINE:** Any motions in limine shall be filed at least two weeks before the date of the Final Pretrial Conference.

7

9. **PREPARATION FOR TRIAL:**

a. Each party shall file the following not later than three (3) business days prior to the commencement of the trial:

    i. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

    ii. Trial briefs.

b. The parties shall <u>jointly</u> file the following not later than three (3) business days prior to trial:

    i. Proposed jury instructions. This Court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions. The court generally uses O'Malley, Grenig & Lee's <u>Federal Jury Practice and Instructions</u> for those not covered in the standard set. Standard instructions may be submitted by number. Other "non-standard" instructions shall be submitted in full text, one per page, and include reference to the source of each requested instruction. Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection.

    ii. A joint statement of the case and statement of the elements that must be proven by each party. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The statement(s) of the case will be read to the prospective jurors during jury selection. The elements that must be proven by each party will be included in the preliminary jury instructions.

IT IS SO ORDERED.

Dated: November 7, 2022  /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE

## NOTICE REGARDING ISSUANCE OF SUBPOENAS
## AND WRITS OF HABEAS CORPUS AD TESTIFICANDUM

If a witness is a prisoner, you MUST file a motion asking the Court to issue a writ of habeas corpus ad testificandum for that person. In the motion, you must tell the Court WITH SPECIFICITY what the testimony of the witness(es) will be and why the testimony is important to your case. When you file your motion, you MUST state that person's FULL NAME, PLACE OF INCARCERATION, AND PRISONER NUMBER. If you do not provide the needed information, the MDOC will be unable to find that person and cannot produce him or her for your trial. It is up to you to provide the Court with this information. If, based on plaintiff's summary, the Court determines that an incarcerated witness's testimony is relevant, the Court will issue a writ requiring the MDOC to produce the witness at trial. Either party wishing to call a witness to testify by videoconference must file a motion with the Court.

Non-incarcerated witnesses must be served with a subpoena. Federal Rule of Civil Procedure 45(a)(3) directs the Court Clerk to issue a subpoena, signed but otherwise blank, to a party requesting it. No previous leave of court is necessary for the issuance of a subpoena. A party requesting a subpoena should be aware, however, that he is responsible for service of the subpoena in compliance with Rule 45. Specifically, the subpoena must be served by delivering a copy to the witness. FED. R. CIV. P. 45(b)(1). Service by mail is insufficient. *See Firefighters Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). Furthermore, if the witness's attendance is commanded, <u>the subpoena must be accompanied at the time of service with fees for one day's attendance and the mileage allowed by law</u>. *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995); *see also George v. Jones*, No. C 06-2800 CW, 2008 WL 859439, at * 16 (N.D. Cal. Mar. 28, 2008); *Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at * 1 (W.D. Mich. Nov. 27, 2006). The party requesting a subpoena must pay these fees. The court has no authority to waive such fees or to direct that the government advance them on a party's behalf. *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogation recognized on other grounds*, *L&W Supply Corp. v. Acuity*, 475 F.3d 737, 739 n.6 (6th Cir. 2007); *accord Lofton v. Smith*, No. 604cv48, 2007 WL 2728431, at * 2 (S.D. Ga. Sept. 10, 2007) (collecting cases); *Strain v. Sandham*, No. Civ. 5-05-474GEB GGH P, 2007 WL 867962, at * 5 (E.D. Cal. Mar. 20, 2007). Although a litigant proceeding *in forma pauperis* is constitutionally entitled to waiver of the filing fee, there is no constitutional entitlement to government subsidization of other litigation costs. *Johnson*, 698 F.2d at 289. A subpoena that is not served in accordance with the dictates of Rule 45(b) is "invalid." *Smith*, 162 F.R.D. at 686. Furthermore, Rule 45(c)(1) provides for the protection of persons subject to subpoenas. Rule 45(c)(1) states, "A party . . . responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party . . . who fails to comply." FED. R. CIV. P. 45(c)(1); *see Caretolive v. Von Eschenbach*, No. 2:07-cv-729, 2008 WL 552431, at * 3 (S.D. Ohio Feb. 26, 2008) (awarding $6,000 in sanctions pursuant to Fed. R. Civ. P. 45(c)(1)).

## SUPPLEMENTAL NOTICE

This Supplemental Notice provides additional information regarding (1) costs associated with service of subpoenas by the United States Marshal Service (USMS) and (2) the witness fees and expenses. The Court provides a brief outline as to those two considerations below.

### Costs and Fees for the Service of Subpoenas by the USMS

Title 28, United States Code, Section 1915(c) creates a statutory obligation for the USMS to serve subpoenas on behalf of indigent litigants proceeding *in forma pauperis*. *Reynosa v. Smith*, No. 4:06-CV-106, 2006 WL 3456667, at *1-2 (W.D. Mich. Nov. 27, 2006). Courts may, however, screen the litigant's requests and relieve USMS of its duty when necessary. 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2454, p. 244–46 n. 21 (3d ed. 2010); *LaFountain v. Harry*, No. 1:10CV943, 2015 WL 5749469, at *5 (W.D. Mich. Sept. 30, 2015).

If the Court does not relieve USMS of its duty, the litigant is required to tender funds to cover witness fees and mileage unless the Government is authorized to pay the fees for the party. *Reynosa*, 2006 WL 3456667, at *1-2. The Sixth Circuit has held that 28 U.S.C. § 1915(c) does not create an obligation for the Government to pay the cost of service of subpoenas or witness fees and mileage. *Johnson v. Hubbard*, 698 F.2d 286 (6th Cir. 1983), *abrogated on other grounds by L&W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007). Under Fed. R. Civ. P. 45(b)(1), litigants – including indigent litigants – are required to prepay witness fees and expenses. Fed. R. Civ. P. 45(b)(1). As a result, a waiver of the witness fees may not be tendered with a subpoena.[1] *Johnson*, 698 F.2d at 289.

With respect to the USMS's fee for service of subpoenas, the fees vary depending on the manner of the service. 28 C.F.R. § 0.114. If service is done by mail, then the USMS will charge eight dollars per item to be served. 28 C.F.R. § 0.114(a)(2). If the service is executed in person, then the fee is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

With respect to the cost of service, the mileage fee is "computed from the place where service is returnable to the place of service or endeavor." 28 U.S.C. § 1921(a)(1)(G). If service is made on multiple witnesses on behalf of the same litigant, "mileage shall be computed to the place of service or endeavor which is most remote from the place where service is returnable, adding thereto any additional mileage traveled in serving or endeavoring to serve in behalf of the party." 28 U.S.C. § 1921(a)(3). According to 28 C.F.R. § 0.114(c), the USMS mileage rate will calculated pursuant to 5 U.S.C. chapter 57. This provision states that the "rate per mile [is] established by the Administrator of General Services." 5 U.S.C. § 5704(a)(1). That rate is $0.56. United States General Services Administration, *Privately Owned Vehicle*

---

[1] Congress, however, created an exception to the prepay requirement for *in forma pauperis habeas corpus* actions. 28 U.S.C. § 1825(b). But that exception does not apply here, because this is not a *habeas corpus* action.

*(POV) Mileage Reimbursement Rates*, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates (last visited Apr. 19, 2021).

The USMS is not required to seek prepayment of its fees and services. 28 U.S.C. 1920. But under the relevant federal statute, a judge or clerk of any court of the United States may tax as costs fees of a marshal. 28 U.S.C. § 1920(1). As a result, "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

## **Witness Fees and Expenses**

A non-custodial witness in attendance will be entitled to all expenses stated in 28 U.S.C. § 1821. Those expenses will include a witness fee, mileage costs for the witness's travel, toll charges, substance allowance, overnight stay costs, and all normal travel expenses. Pursuant to Fed. R. Civ. P. 45(b)(1), both the witness attendance fee, 28 U.S.C. § 1821(b), and the travel allowance (mileage) for witnesses that travel by a privately owned vehicle, 28 U.S.C. § 1821(c)(2), must be prepaid and served with the subpoena by the USMS.

The Court notes that Fed. R. Civ. P. 45(d) empowers the Court to protect persons subject to a subpoena. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court may sanction the party that fails to avoid imposing an undue burden. *Id*. To that end, the Court requires any party issuing a subpoena for a witness's attendance must prepay the witness's overnight accommodations if the distance between the witness's home and the trial is unreasonably far to permit daily travel.

Further, Plaintiff should be aware that:

> (A) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> > (i) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> 
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> > (i) is a party or a party's officer; or
> > (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c).

The attendance fee "$40 per day for each day's attendance", as well as the days "necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C.A. § 1821(b).

The travel allowance will be:

> equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C.A. § 1821(c)(2).

According to the United States General Services Administration's current mileage reimbursement rates table, the current rate per miles is $0.56.  United States General Services Administration, *Privately Owned Vehicle (POV) Mileage Reimbursement Rates*, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates (last visited Apr. 19 2021).

Plaintiff would not be charged the witness fees and expenses if the witness is incarcerated at the time of the testimony will be given:

> Any witness who is incarcerated at the time that his or her testimony is given (except for a witness to whom the provisions of section 3144 of title 18 apply) may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section.

28 U.S.C.A. § 1821(f).

13