**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

Derico Thompson, #234651

    Plaintiff,

v.

Corizon, Inc.,

    Defendants.

Case No: 2:20-cv-00158
District Judge: Robert J. Jonker
Magistrate Judge: Maarten Vermaat

| MARGOLIS LAW, P.C. | CHAPMAN LAW GROUP |
|---|---|
| Ian T. Cross (P83367) | Devlin K. Scarber (P64532) |
| *Attorney for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 214 S. Main St. | *Attorneys for Corizon Health, Inc.* |
| Suite 200 | *and Wendy Jamros, N.P.* |
| Ann Arbor, MI 48104 | 1441 West Long Lake Rd., Suite 310 |
| (734) 994-9590 | Troy, MI 48098 |
| ian@lawinannarbor.com | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

**DEFENDANTS CORIZON HEALTH, INC.'S EMERGENCY MOTION FOR AN EXTENSION OF TIME FOR CHS TX, INC., TO RESPOND TO PLAINTIFF'S MOTION TO SUBSTITUTE CHS TX, INC. [ECF. NO. 69]**

**PROOF OF SERVICE**

NOW COMES Defendants CORIZON HEALTH, INC.., (hereinafter "Corizon Defendants") by and through their attorneys, CHAPMAN LAW GROUP, and for their Emergency Motion for an Extension of Time for CHS TX, Inc., to Respond to Plaintiff's Motion to Substitute CHX TX, Inc. (**ECF No. 69**), state as follows:

1. On December 15, 2022, Plaintiff filed a Motion for an Order Substituting CHS TX, Inc. as a Party Defendant in Place of Corizon Health, Inc., (hereinafter "Motion to Substitute"). (**ECF No. 69**).

2. On December 14, 2022, upon being advised of Plaintiff's planned motion, the undersigned counsel conferred with Plaintiff's counsel regarding Plaintiff's Motion to Substitute. During said discussion, the undersigned counsel informed Plaintiff's counsel that the undersigned does not have any authority to concur in any motion to substitute CHS TX, Inc., and could not respond to the facts and issues raised in Plaintiff's Motion to Substitute. The undersigned explained that CHX Tx, Inc., would independently address and respond to such a motion. Plaintiff's attorney is well aware of this from at least two prior cases in which he has tried to substitute an outside party in place of Corizon.

3. Furthermore, the facts and legal issues raised in Plaintiff's Motion to Substitute are strictly transactional in nature and allege factual matters regarding mergers and acquisitions, contractual matters and corporate restructuring that may implicate state and federal law not otherwise relevant to Plaintiff's Complaint. (See **ECF No. 69**).

4. The issues raised in Plaintiff's Motion to Substitute far exceed the relevant scope of expected issues when litigating a 42 U.S.C. § 1983 deliberate indifference claim.

5. On December 29, 2022, Plaintiff refused to concur in the undersigned's request to allow CHS TX, Inc., additional time to respond. The undersigned explained that due to Plaintiff having filed his motion on December 15, 2022, just prior to the Christmas holidays and vacation time, it was likely that CHX Tx, Inc., had not had an opportunity to consult with its outside counsel or merger counsel and prepare a response. However, Plaintiff denied any extension of time for CHX Tx, Inc., to respond. The undersigned is unsure as to whether Plaintiff has actually properly served CHS Tx, Inc., nor the date of service. But the undersigned recognizes that additional time would be needed given the holidays and the extensive briefing that would be required.

6. An additional thirty (30) days is necessary, to wit: (1) the expansive scope of legal and factual issues raised in Plaintiff's Motion to Substitute; (2) the undersigned counsel's present lack of complete knowledge of the facts and issues raised in the Motion to Substitute; (3) the need for counsel to confer with Corizon's corporate structure and merger counsel and/or the need for merger counsel to familiarize itself with the Thompson case and Plaintiff's herein motion; (4) the complicated nature of the issues raised; and (5) the need for outside counsel for CHS, Tx, Inc., to prepare a complete response to avoid a possible evidentiary hearing, using significant judicial resources.

7. Fed. R. Civ. P. 6(b)(1) provides in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time… if a request is made, before the original time or its extension expires…"

8. Corizon Defendants' Response to Plaintiff's Motion to Substitute is would typically be due on December 29, 2022. Therefore Fed. R. Civ. P. 6(b)(1)(A) is the applicable Federal Rule.  However, as the undersigned advised Plaintiff's counsel, this is a matter that will need to be addressed by outside counsel for CHS Tx, Inc., who would have the knowledge to file such a response.

9. There is good cause for a thirty (30) day extension to allow CHS Tx, Inc., (i.e., the actual entity that Plaintiff wishes to substitute and hold liable) to respond to Plaintiff's Motion to Substitute.

WHEREFORE, based upon the foregoing reasons, Corizon Defendants respectfully request that this Honorable Court exercise its discretion and GRANT Corizon Defendants' Emergency Motion for an Extension of Time to allow CHX, Tx, Inc., to Respond to Plaintiff's Motion to Substitute (**ECF No. 69**), permitting CHS, Tx, Inc., an additional thirty (30) days to respond from the date this motion is filed.

Respectfully submitted,

CHAPMAN LAW GROUP

Dated: December 29, 2022

/s/ Devlin K. Scarber
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Corizon Defendants
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

Derico Thompson, #234651

    Plaintiff,

v.

Corizon, Inc.,

    Defendants.

Case No: 2:20-cv-00158
District Judge: Robert J. Jonker
Magistrate Judge: Maarten Vermaat

| MARGOLIS LAW, P.C. | CHAPMAN LAW GROUP |
|---|---|
| Ian T. Cross (P83367) | Devlin K. Scarber (P64532) |
| *Attorney for Plaintiff* | Jeffrey L. Bomber (P85407) |
| 214 S. Main St. | *Attorneys for Corizon Health, Inc.* |
| Suite 200 | *and Wendy Jamros, N.P.* |
| Ann Arbor, MI 48104 | 1441 West Long Lake Rd., Suite 310 |
| (734) 994-9590 | Troy, MI 48098 |
| ian@lawinannarbor.com | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF DEFENDANTS CORIZON HEALTH, INC.'S EMERGENCY MOTION FOR AN EXTENSION OF TIME FOR CHS TX, INC., TO RESPOND TO PLAINTIFF'S MOTION TO SUBSTITUTE CHS TX, INC. [ECF. NO. 69]**

i

...

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ..................................................................................................... iii

INDEX OF EXHIBITS ............................................................................................................. iv

STATEMENT OF ISSUES PRESENTED ................................................................................ v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ............................ vi

I.    STATEMENT OF FACTS ............................................................................................. 1

II.    LEGAL STANDARD .................................................................................................... 1

III.    ARGUMENT ................................................................................................................. 2

## INDEX OF AUTHORITIES

**CASES**

*Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)...................................................................2

*Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006)................................................vi, 2

*Slaven v. Spirit Airlines, Inc.*, No. 08-CV-10705, 2009 U.S. Dist. LEXIS 99712, at *7-8 (E.D. Mich. Oct. 27, 2009) .........................................................................................................2

**RULES**

Federal Rule of Civil Procedure 6(b)(1) ......................................................................................vi, 2

## INDEX OF EXHIBITS

There are no exhibits attached to this brief.

## STATEMENT OF ISSUES PRESENTED

I. SHOULD THE COURT GRANT THE CORIZON DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO ALLOW CHS TX, INC., TO RESPOND TO PLAINTIFF'S MOTION FOR AN ORDER OF SUBSTITUTION [ECF. NO. 69]?

**Defendant Answers:**          **YES.**
**Plaintiff Answers:**            **NO.**

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Federal Rule of Civil Procedure 6(b)(1) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

"Whether to grant defendants [motion for an enlargement of time] was a matter committed to the district court's discretion." *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006).

## I.     STATEMENT OF FACTS

On December 15, 2022, Plaintiff filed a Motion for an Order Substituting CHS TX, Inc. as a Party Defendant in Place of Corizon Health, Inc., (hereinafter "Motion to Substitute"). (ECF No. 69).

On December 14, 2022, upon being advised of Plaintiff's planned motion, the undersigned counsel conferred with Plaintiff's counsel regarding Plaintiff's Motion to Substitute. During said discussion, the undersigned counsel informed Plaintiff's counsel that the undersigned does not have any authority to concur in any motion to substitute CHS TX, Inc., and could not respond to the facts and issues raised in Plaintiff's Motion to Substitute. The undersigned explained that CHX Tx, Inc., would independently address and respond to such a motion.

On December 29, 2022, Plaintiff refused to concur in the undersigned's request to allow CHS TX, Inc., additional time to respond.  The undersigned explained that due to Plaintiff having filed his motion on December 15, 2022, just prior to the Christmas holidays and vacation time, it was likely that CHX Tx, Inc., had not had an opportunity to consult with its outside counsel or merger counsel and prepare a response. However, Plaintiff denied any extension of time for CHX Tx, Inc., to respond.  The undersigned is unsure as to whether Plaintiff has actually properly served CHS Tx, Inc., nor the date of service.  But the undersigned recognizes that additional time would be needed given the holidays and the extensive briefing that would be required.  There is good cause for a thirty (30) day extension to allow CHS Tx, Inc., (i.e., the actual entity that Plaintiff wishes to substitute and hold liable) to respond to Plaintiff's Motion to Substitute.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion

or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." "Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order." *Slaven v. Spirit Airlines, Inc.*, No. 08-CV-10705, 2009 U.S. Dist. LEXIS 99712, at *7-8 (E.D. Mich. Oct. 27, 2009); citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The decision to grant a motion to extend is a matter within the district court's discretion. See *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006).

### III.    ARGUMENT

Corizon Defendants have good cause for seeking a thirty (30) day extension to the deadline to respond to Plaintiff's Motion to Substitute. Plaintiff attaches twenty-seven (27) exhibits to his Motion to Substitute, including: Complaints filed in other lawsuits pertaining to transactional and corporate issues, financial statements, and UCC financing statements, documents and press releases regarding Corizon's recent corporate restructuring, insurance declarations, and other corporate documents. <u>Plaintiff's Amended Complaint and the subject-matter of this lawsuit pertain to an alleged denial of healthcare in violation of Plaintiff's Eighth Amendment rights</u>. Issues raised in the Motion for Substitution are far removed from the underlying issues of the case in chief.

The undersigned counsel explained to Plaintiff's counsel the need for the extension as outlined previously. A fourteen-day briefing schedule is insufficient time to gather the necessary information and draft a Response to Plaintiff's Motion to Substitute. Corporate restructuring is complex and full of legal intricacies which is clearly evidenced by Plaintiff's Motion and attached exhibits. Plaintiff's attempt to leverage an impossible request for Defendants' reasonable request to extend is vexatious.

Lastly, there is no prejudice to Plaintiff if the Court grants Corizon Defendants' request for a thirty-day extension for CHS, Tx, Inc. to properly respond to Plaintiff's Motion to Substitute.

WHEREFORE, based upon the foregoing reasons, Corizon Defendants respectfully request that this Honorable Court exercise its discretion and GRANT Corizon Defendants' Emergency Motion for an Extension of Time to allow CHX, Tx, Inc., to Respond to Plaintiff's Motion to Substitute (**ECF No. 69**), permitting CHS, Tx, Inc., an additional thirty (30) days to respond from the date this motion is filed.

                                  Respectfully submitted,

                                  CHAPMAN LAW GROUP

Dated: December 29, 2022        /s/ Devlin K. Scarber
                                  Devlin Scarber (P64532)
                                  Jeffrey L. Bomber (P85407)
                                  Attorneys for Corizon Defendants
                                  1441 West Long Lake Rd., Suite 310
                                  Troy, MI 48098
                                  (248) 644-6326
                                  dscarber@chapmanlawgroup.com
                                  jbomber@chapmanlawgroup.com

**PROOF OF SERVICE**

I hereby certify that on December 30, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved nonparticipants.

                                  /s/ Devlin K. Scarber
                                  Devlin K. Scarber (P64532)
                                  1441 W. Long Lake Rd., Suite 310
                                  Troy, MI 48098
                                  (248) 644-6326
                                  dscarber@chapmanlawgroup.com