# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**DERICO THOMPSON**,
  Plaintiff,

v.

**CORIZON, Inc.,**
Defendant.

Case No.: 2:20-cv-00158
Hon.: Robert J. Jonker
Mag.: Maartin Vermaat

---

Ian T. Cross (P83367)
Laurence H. Margolis (P69635)
Attorneys for Plaintiff
214 S. Main St., Suite 200
Ann Arbor, MI 48104
Phone: (734) 994-9590
Email: ian@lawinannarbor.com
Email: larry@lawinannarbor.com

Delvin Scarber (P64532)
Jeffrey Bomber (P85407)
*Chapman Law Group*
Attorneys for Defendant Corizon Health, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
Phone: (248) 644-6326
Email: dscarber@chapmanlawgroup.com
Email: jbomber@chapmanlawgroup.com

## PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANT CORIZON HEALTH, INC.'S EMERGENCY MOTION FOR AN EXTENSION OF TIME FOR CHS TX., INC. TO RESPOND TO PLAINTIFF'S MOTION TO SUBSTITUTE

## TABLE OF CONTENTS

| SECTION | PAGE NO. |
|---|---|
| Table of Contents…………………..……………………....………… | ii. |
| Index of Exhibits …………………………………..……..………… | iii. |
| Controlling or Most Appropriate Authorities…………………………… | iv |
| Statement of Facts……..…………………………....…..…….………….. | 1 |

### ARGUMENT

| | |
|---|---|
| I) Corizon may not bring a motion on behalf of another party…....….. | 3 |
| II) Plaintiff's request that Defendant consent to testimony via videoconference in exchange for an extension is not an "attempt to leverage an impossible request."..……....…………………….………. | 4 |
| IV) Defendant Corizon's motion is governed by Fed. R. Civ. P. 6(b)(1)(B), not Fed. R. Civ. P. 6(b)(1)(A)..……………….…………… | 5 |
| IV) Conclusion……………………….....…………………….………. | 7 |

## **INDEX OF EXHIBITS**

Ex. A: *Emails exchanged between Corizon's Counsel and Plaintiff's Counsel, Dec. 14, 2022 through December 29, 2022*

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1) *N.J.H. v. 2Infinity Fla. LLC,* 2019 U.S. Dist. LEXIS 195314 (M.D. Fla. 2019)

2) *In re DLN Props.,* 2018 U.S. Dist. LEXIS 105597  (E.D. La. 2018)

3) *Meirs v. Cashman*, 2018 U.S. Dist. LEXIS 230084 (W.D. Mich. 2018)

4) *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017)

**Statement of Facts**

On December 15, 2022, Plaintiff filed his Rule 25(c) Motion to Substitute CHS TX, Inc. in place of Corizon Health, Inc. as the Defendant in this matter. (ECF No. 69). The factual and legal issues addressed in Plaintiff's Motion are nearly identical to the factual and legal issues that counsel for the parties recently litigated in two other Rule 25(c) motions, filed in a pair of prisoner-civil-rights cases pending in the Eastern District of Michigan in which the same counsel represent the plaintiffs and the Corizon defendants. *See Jackson v. Corizon Health, Inc.*, 2022 U.S. Dist. LEXIS 198717 (E.D. Mich. 2022) (granting in part plaintiff's Rule 25(c) motion to substitute CHS TX, Inc. for Corizon Health, Inc.); *Kelly v. Corizon Health, Inc.*, 2022 U.S. Dist. LEXIS 198725 (E.D. Mich. 2022) (same).

Since counsel for the parties have vigorously litigated the successor-liability issue in relation to Corizon's 2022 corporate restructuring in two other cases, Plaintiff did not expect Defendant to concur when similar relief was sought in this case. Nevertheless, in compliance with LCivR 7.1(d), Plaintiff's counsel emailed Defendant's counsel the day before filing the motion to request concurrence. (Ex. A). Defense counsel replied, "Thanks for reaching out. But no, we cannot concur. This will likely involve a similar process and the position taken on the Kelly and Jackson cases, and be handled independently by CHS TX, Inc." (Ex. A). This

1

email exchange was the sole communication between the parties concerning Plaintiff's motion until December 29, 2022. On that date, counsel for the parties again exchanged emails.

At 6:11 pm on December 29, 2022, Corizon's counsel emailed Plaintiff's counsel to request a **one week** extension of time for CHS TX to respond to Plaintiff's Motion to Substitute. (Ex. A). In exchange, Corizon's counsel offered to allow Plaintiff a reciprocal extension to file a reply brief. Plaintiff's counsel responded, "There are no reply briefs allowed for nondispositive motions in the western district. **We'll give you an extension if you let our expert testify via video at the trial.**" (Ex. A) (emphasis added).

No other communications, written or oral, occurred between the parties with respect to this motion other than the email exchange attached as Exhibit A. On December 30, 2022, Corizon filed its Emergency Motion, seeking a **30-day** extension for CHS TX, Inc. to respond to Plaintiff's Motion to Substitute.  In its Emergency Motion, Corizon argues that, "Plaintiff's attempt to leverage an impossible request for Defendants' reasonable request to extend is vexatious." (ECF No. 70, PageID.1044).

ARGUMENT

**I. Corizon May Not Bring a Motion on Behalf of Another Party**

If Corizon's counsel wants to file a motion on behalf of CHS TX, Inc., Corizon's counsel should enter an appearance for that entity. "It is axiomatic that a party to an action cannot file a motion on behalf of another party in the same action without any indication of that party's consent, especially on behalf of a party who has not even yet appeared." *N.J.H. v. 2Infinity Fla. LLC*, 2019 U.S. Dist. LEXIS 195314 at *8 (M.D. Fla. 2019) (quoting *Hill-Brown v. Peters*, 2009 U.S. Dist. LEXIS 136557 at *3 (N.D. Ga. 2009)); *see also, Ashcroft v. Dep't of Corr.*, 2007 U.S. Dist. LEXIS 49079 at *25-*26 (W.D.N.Y. 2007) (holding that defendant may not bring motion on behalf of non-appearing co-defendants); *In re DLN Props.*, 2018 U.S. Dist. LEXIS 105597 at *9 n.41 (E.D. La. 2018) ("Federal Rule of Civil Procedure 11 does not permit a defendant to seek relief on behalf of its co-defendant") (collecting cases).

Corizon cannot file a motion for an extension of time on behalf of another entity. If Corizon opposes the relief sought in Plaintiff's Motion, namely, Corizon's removal from this action as a defendant, then Corizon itself should explain the basis for its opposition. Corizon cannot maintain that it is a separate business from

3

CHS TX, while it both purports to move for relief on behalf of CHS TX and defers to CHS TX's anticipated arguments as to why Corizon should be the sole party to bear any potential liability in this matter.

### II. Plaintiff's Request that Defendant Consent to Video Testimony in Exchange for an Extension is not an "Attempt to Leverage an Impossible Request."

The Amended Case Management Order entered in this case specifically anticipates that the parties may file motions for witnesses to appear via videoconference. (ECF No. 68, PageID.832). There is nothing "impossible" about a distant witness proffering live trial testimony via videoconference. *See Meirs v. Cashman*, 2018 U.S. Dist. LEXIS 230084 at *4 (W.D. Mich. 2018) (witness located more than 100 miles from courthouse may testify live via videoconference rather than by *de bene esse* deposition); *Gould Elecs., Inc. v. Livingston Cty. Rd. Comm'n*, 470 F.Supp. 3d 735, 743 (E.D. Mich. 2020) (holding that entire trial may be conducted via videoconference; "the instantaneous transmission of video testimony permits the Court and counsel to view a witness live, along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, and his calmness or consideration") (cleaned up). Indeed, the "longstanding approach in Western Michigan" has been to allow unavailable witnesses to testify

4

by *de bene esse* videorecorded depositions. *El Camino Res, Ltd. v. Huntington Nat'l Bank*, 2009 U.S. Dist. LEXIS 36704 at *16 (W.D. Mich. 2009). Plaintiff's request that Defendant consent to videoconference testimony, rather than in-person testimony or a pre-recorded *de bene esse* deposition, is not "impossible" or "vexatious," and would not have any effect on the substantive rights of the parties. It is merely an effort to avoid the travel expenses associated with bringing Plaintiff's expert to Marquette for trial.

### III. Defendant Corizon's Motion is Governed by Fed. R. Civ. P. 6(b)(1)(B), Not Fed. R. Civ. P. 6(b)(1)(A)

Fed. R. Civ. P. 6.1(a)(4)(A) defines the end of the "last day" for purposes of electronic filing to be at "midnight in the court's time zone." *Id*. The Local Rules in the Western District of Michigan similarly provide that, "[a]ll electronic transmissions of documents must be completed (i.e., received completely by the clerk's office) prior to midnight, Eastern Time, in order to be considered timely filed that day." LCivR 5.7(d)(iv). LCivR 7.3 provides for a fourteen-day period for a party to file a response for "all motions not specifically listed in LCivR 7.2(a)." *See* LCivR 7.3(a); LCivR 7.3(c).

Plaintiff filed his Motion to Substitute at 1:15 AM on December 15, 2022. (ECF No. 69). Defendant Corizon filed its Emergency Motion at 12:39 AM on

5

December 30, 2022. (ECF No. 70). Even if Corizon's Emergency Motion for an extension of time for CHS TX to respond is also construed as a request for an extension of time for Corizon to respond, it was still filed after the period for Corizon to respond to Plaintiff's Motion had expired. *See* Fed. R. Civ. P. 6(a)(1); LCivR 7.3(c).

Because Corizon filed its motion "after the time had expired," Fed. R. Civ. P. 6(b)(1)(B), not Rule 6(b)(1)(A), governs Corizon's purported request for an extension of time. Under Rule 6(b)(1)(B), "[Corizon] must show that [its] failure to act was due to 'excusable neglect.'" *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017). In determining whether a parties' neglect was excusable,

> "the Court must consider all relevant circumstances, including "the danger of prejudice to the nonmoving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.""

*Kassim,* 320 F.R.D. at 453 (quoting *Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir. 2006).

Plaintiff does not oppose a short extension of time for Corizon to respond, in the range of one to two weeks. But the requested 30-day extension will likely disrupt these proceedings and prove prejudical to Plaintiff. The final settlement

6

conference in this case is set for February 27; trial is scheduled to begin on March 27. A thirty-day extension of time could delay resolution of Plaintiff's motion until after the final settlement conference, or even until the eve of trial. Given that Corizon is apparently judgment-proof, *see* ECF No. 69, PageID.846-854, the question of whether Plaintiff can reach the assets that have been shifted to CHS TX will be highly relevant to any settlement discussions. If this case does not settle, continuing uncertainty until the eve of trial regarding who the corporate defendant is, and which counsel represents the corporate defendant, has the potential to disrupt the orderly resolution of this case.

## IV. Conclusion

For all the foregoing reasons, Corizon's purported Motion on behalf of CHS TX, a party which has not yet appeared, should be denied. If Corizon is opposed to Plaintiff's Motion to replace it as the Defendant in this matter with a different entity, then Corizon itself should file a response.

*/s/ Ian T. Cross*
Ian T. Cross (P83367)
Attorney for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
Phone: (734) 994-9590
Email: ian@lawinannarbor.com

## **CERTIFICATION OF COMPLIANCE WITH LCivR 7.3(b)(i)**

I certify that the above brief, which is in opposition to a "nondispositive motion" as that term is defined by LCivR 7.3(a), contains less than 4,300 words, not including the case caption, table of contents, table of authorities, signature block, attachments, exhibits, affidavits and other addenda, in compliance with LCivR 7.3(b)(i). The brief contains 1,475 words. The software used to generate the word count is LibreOffice version 7.0.3.1 (x64).

>   */s/ Ian T. Cross*
>   Ian T. Cross (P83367)
>   Attorney for Plaintiff
>   402 W. Liberty St.
>   Ann Arbor, MI 48103
>   Phone: (734) 994-9590
>   Email: ian@lawinannarbor.com

8