UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERICO THOMPSON #234651,                        Case No. 2:20-cv-158

                           Plaintiff,           Hon. Robert J. Jonker
                                                U.S. District Judge
         v.

CORIZON, INC., et al.,

                           Defendant.
_____/

## **ORDER**

This order addresses Plaintiff's motion to substitute (ECF No. 69), Defendant Corizon, Inc.'s motion for an extension of time (ECF No. 70), non-party CHS TX, Inc.'s motion for leave to file excess pages (ECF No. 73), and CHS TX, Inc.'s proposed order regarding its motion for leave (ECF No. 74).

This is a deliberate indifference case filed by Plaintiff state prisoner Derico Thompson. At this stage, only one claim remains: Thompson's Eighth Amendment claim against Corizon, Inc. (Corizon) for its alleged cost-saving policy of denying medical care unless absolutely necessary.

To evaluate the propriety of the aforementioned motions, it is important to understand the procedural history of this case. Thompson filed suit pursuant to 42 U.S.C. §1983 on August 27, 2020. (ECF No. 1.) Thompson initially named six Defendants: Kinross Correctional Facility (KCF) Warden Mike Brown, KCF Nurse Wendy Jamros, KCF Nurse Jessica Knack, KCF Nurse Wendy Ball, an unknown physician, and Corizon. Thompson asserted that Defendants violated his Eighth and

Fourteenth Amendment rights by treating Thompson's back condition conservatively after it became apparent that he needed surgical intervention.  (*Id.*, PageID.4-6.) Thompson alleged that he was given conservative treatment based on Corizon's cost-saving policy of denying medical procedures unless absolutely necessary.  (*Id.*)

On September 8, 2020, this Court issued an Opinion (ECF No. 4) and Order (ECF No. 5) dismissing all but Thompson's Eighth Amendment deliberate indifference claims against Nurse Practitioner (NP) Wendy Jamros and Corizon. After the case was briefly stayed for early mediation (*see* ECF No. 6), this Court issued a case management order setting April 2, 2021 as the close of discovery, and April 30, 2021 as the dispositive motion deadline (ECF No. 16, PageID.69).  Following a discovery dispute, the Court issued a new case management order extending the discovery deadline to June 1, 2021, and the dispositive motion deadline to July 5, 2021.  (ECF No. 25, PageID.108.)  Following Plaintiff's request for an extension during a March 24, 2021 status conference, the Court again extended the discovery deadline to July 1, 2021, and the dispositive motion deadline to August 2, 2021.  (ECF No. 32, PageID.119.)  After further discovery disputes, the Court finally extended the discovery deadline to October 1, 2021, and the dispositive motion deadline to November 1, 2021.  (ECF No. 52, PageID.220.)

On December 16, 2021, Corizon and former-Defendant Nurse Jamros moved for summary judgment.  (ECF No. 56.)  A few weeks later, on January 2, 2022, Attorney Ian Cross appeared on behalf of Thompson.  Up until this appearance, Thompson had represented himself.  On January 13, 2022, Thompson, through

counsel, responded in opposition to Defendant's motion for summary judgment.  (ECF No. 57.)

On May 25, 2022, the undersigned issued a report and recommendation regarding Corizon and Jamros's motion for summary judgment.  (ECF No. 62.)  The undersigned determined that there were no genuine issues of material fact, and recommended that the Court dismiss Thompson's claims against both Corizon and Jamros.  (*Id.*, PageID.738-739.)  On October 31, 2022, the Court entered an order approving and adopting the undersigned's report and recommendation as to Nurse Jamros, but rejecting the undersigned's report and recommendation as to Corizon.  (ECF No. 66.)  The Court determined that there were genuine issues as to whether Corizon had a cost-saving policy that led its employees to act with deliberate indifference to Thompson's serious medical needs sufficient to overcome the motion for summary judgment.  (*Id.*, PageID.807-808.)

On November 7, 2022, the Court issued a case management order setting Thompson's remaining claim for trial on March 27, 2023.  (ECF No. 68, PageID.823.)  On December 15, 2022, twenty-eight months after Thompson initiated this case, eleven months after counsel appeared on Thompson's behalf, and one-month after this Court scheduled this matter for trial, Thompson filed the present motion to substitute non-party CHS TX, Inc. (CHS TX) for Defendant Corizon.  (ECF No. 69.)  On December 30, 2022, Corizon filed a motion for an extension of time for CHS TX to respond to Thompson's motion to substitute.  (ECF No. 70.)  And on January 24, 2023, CHS TX filed its response to Thompson's motion to substitute (ECF No. 72), along

with a motion for the Court to allow CHS TX to exceed the Court's page limit for supporting briefs (ECF No. 73).  The next day, CHS TX filed a proposed order granting its motion for leave.  (ECF No. 74.)

The crux of Thompson's motion to substitute is this: in late April and early May of 2022, Corizon converted to a Texas corporation and underwent a divisional merger under Texas law.  (ECF No. 69, PageID.850-854.)  According to Thompson, all of Corizon's debts and tort liabilities remained with Corizon, but the majority of its assets, including all of its employees and active contracts, were assigned to a new corporation, CHS TX.  (*Id.*, PageID.852.)  Thompson asserts that CHS TX is either a successor to Corizon, or an alter-ego of pre-division Corizon, and that Corizon has therefore transferred its interest in this matter to CHS TX.  (*Id.*, PageID.858-864.)  Accordingly, Thompson asks this Court to substitute CHS TX for Corizon under Federal Rule of Civil Procedure 25(c).[1]  (*Id.*, PageID.839.)

Rule 25(c) provides that: "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  Trial in this matter is scheduled for March 27, 2023 — just over six weeks from now.  (ECF No. 68, PageID.823.)  The remaining claim in this case is not particularly complex.  Based on the Court's review, it is likely that the trial will be

---

[1]     The motivation behind Thompson's request is clear: he believes that Corizon's pockets are no longer deep enough to pay a judgment in Thompson's favor.  (*See* ECF No. 69, PageID.838 ("The removal of substantially all assets from Defendant Corizon rendered Defendant Corizon wholly incapable of satisfying any meaningful judgment in this case, should plaintiff prevail at trial.").)

completed in a matter of days. Thompson may prevail, resulting in a judgment against Corizon, or he may not. Bearing all of this in mind, the undersigned thinks that the interests of judicial efficiency and economy are best served by denying Thompson's motion to substitute and allowing the case to proceed to trial against the original party, Corizon.[2]   If Thompson prevails at trial, he may then pursue his options for collecting any award he receives.

Accordingly,

IT IS ORDERED that Thompson's motion to substitute (ECF No. 69) is respectfully DENIED.

IT IS FURTHER ORDERED that Corizon's motion for an extension of time (ECF No. 70), CHS TX's motion for leave to file excess pages (ECF No. 73), and CHS TX's proposed order granting its motion for leave (ECF No. 74) are respectfully DENIED as MOOT.

---

[2]   This is not the first case in which Plaintiff's Counsel moved to substitute CHS TX for Corizon. In *Jackson v. Corizon Health, Inc.*, Plaintiff's Counsel moved to substitute both CHS TX and its parent company for Corizon. Case No. 2:19-cv-13382, 2022 WL 16575691, at *1 (E.D. Mich., Nov. 1, 2022). Per the docket in that case, Plaintiff's Counsel moved to substitute on July 20, 2022 — after dispositive motions were filed, but before the Court had ruled on the motions or set the matter for trial. Plaintiff's Counsel also moved to substitute CHS TX and its parent company for Corizon in *Kelly v. Corizon Health, Inc.*, Case No. 2:22-cv-10589, 2022 WL 16575763, at *1 (E.D. Mich., Nov. 1, 2022). There, Plaintiff's counsel moved to substitute on July 26, 2022 — nearly six months before the close of discovery and seven months before the dispositive motion deadline. In July of 2022, the parties in this case were awaiting the Court's ruling on Defendant's motion for summary judgment. Had Plaintiff's Counsel moved to substitute at that time, this Court may very well have addressed the motion on its merits.

IT IS SO ORDERED.

Dated:   February 10, 2023

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE